AMUNDSON et al, Appellants, v. HANSON, Respondent.

(210 N. W. 725.)

(File No. 5671. Opinion filed November 20, 1926.)

1. **Mortgages.**

In action to cancel mortgage and sheriff's deed issued on foreclosure, evidence held insufficient to establish that mortgage was fictitious and given only to protect property against judgments against mortgagor.

2. **Mortgages.**

Findings as to amount due under mortgage given before mortgagor's indebtedness was definitely determined held not against preponderance of evidence.

Note.—See, Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 25(6), 41 C. J. Sec. 331; (2) Mortgages, Key-No. 617, 27 Cyc. 1617.

Appeal from Circuit Court, Turner County; Hon. John T. Medin, Judge.

Action by T. Amundson, as administrator of the estate of Ellen Amundson, deceased, and individually and as the father of his three minor children, Ellsworth Amundson, Lenora Amundson, and Oral Amundson, against Ove Hanson. From a judgment for defendant and an order denying a new trial, plaintiffs appeal. Judgment and order affirmed.

W. R. White, of Centerville, and Gunderson & Gunderson, of Vermillion, for Appellants.

Bogue & Bogue, of Parker, for Respondent.

BURCH, J. This action is brought to cancel a mortgage and a sheriff's deed issued upon a foreclosure thereof. Judgment for

defendant, and plaintiffs appeal from the judgment and an order denying a new trial.

The mortgage in question was executed by appellant T. Amundson and his wife, Ellen, to respondent, covering a lot in Centerville, and purported to secure a note executed by the same parties for $3,000, payable to respondent. The mortgage was foreclosed by advertisement, respondent bid in the property for $3,325, the full amount of the note with interest and costs, and at the expiration of the term of redemption received a sheriff's deed. No objection is made to the form of the note and mortgage, or the regularity of the foreclosure, nor is fraud claimed. Appellant's claim is that the apparent transaction was fictitious, that the note was not given as evidence of an indebtedness to be paid, nor the mortgage to secure an indebtedness, but that the transaction was formal with intent on the part of all of the parties thereto to create no legal obligation.

T. Amundson sues as administrator of his deceased wife's estate, in his own behalf, and for his three minor children, and hereafter in this opinion where the word appellant is used in the singular it has reference to T. Amundson. Appellant is respondent's son-in-law, and he claims that about the time the note was given, and shortly before, respondent offered to help appellant's wife (respondent's daughter) to get a home; that his wife owned a vacant residence lot in Centerville, and respondent contracted for material and paid for labor in building a house on such lot, all of which was a gift to appellant's wife. He says the note and mortgage were given because there were some judgments against him and it was thought best by all parties to the transaction to have a mortgage to prevent any chance of the judgments becoming a lien. Respondent claims that while he wanted to help his daughter get a home and therefor contracted for the material and paid for the labor on the building, he did not do this as a gift, but as a loan, and that the mortgage was given in good faith as security for the payment of the note evidencing a valid obligation.

The court found the facts as claimed by respondent. Appellant's assignments of error all raise the question of the sufficiency of the evidence to support the court's findings and will be treated under that one head.

[1] The burden of proof was upon appellant to prove his case. His evidence is exceedingly weak. The conversation between respondent and members of his family, which are claimed expressed his intention to make a gift to his daughter, are conspicuously vague and indefinite. Nowhere does it appear that he said he would give the home to his daughter; the nearest approach is that he said he would help her get a home. The strongest evidence of an intent to make a gift is testimony that the mother (respondent's wife) said in the presence of respondent that they had some Liberty bonds they were going to give to their daughter to help her get a home. In this connection it is not claimed respondent said anything, nor is it claimed that the bonds were delivered. On the contrary, they were not delivered, but were sold by respondent and their proceeds used in purchasing lumber.

[2] The court found that the total amount of the note was due and owing respondent. The note and mortgage were given before the exact amount of indebtedness was determined and in anticipation of payments to be made, and appellant was entitled to an accounting of the amount due. It is claimed the evidence is insufficient to support the court's finding of the amount owing on the note. Respondent paid $1,740 on the lumber bill, $800 on labor, several years' taxes, and several hundred dollars on funeral expenses, which he claims were agreed to be secured by the mortgage. Without going into detail in a review of the evidence, we are satisfied the court's findings are not against the clear preponderance of the evidence.

The judgment and order appealed from are affirmed.